PURCELL v. JAYCOX *et al.*, appellants.

*Vendor and purchaser — right to return goods — liability for loss — Principal and agent.*

Plaintiff purchased of defendants a barrel of gin, and it was delivered to him. Plaintiff, claiming that it was deficient in quantity, shipped it back to the vendors by railroad, notifying them that he had done so. He afterward allowed judgment to be taken against him by default, in an action against him for the price. The railroad company delivered the returned cask to a cartman whom the defendants usually employed, and it was by him brought to their store. Defendants refused to receive it, and directed the same cartman to carry it back to the railroad depot. This he failed to do, and the cask was lost. *Held*, that the defendants were not liable for its value, the cartman not being their agent as to the transaction in question, and the loss being occasioned by the plaintiff's own unauthorized act.

Purcell v. Jaycox.

*Held*, also, that the plaintiff having sent the gin back in the absence of right, and without authority from the defendants, all the agencies which he employed for that purpose must be treated as his own.

APPEAL from a judgment entered upon a verdict. The action was brought by John Purcell against John M. Jaycox and others, to recover the value of a barrel of gin, the property of the plaintiff.

The plaintiff, a retail merchant at Elmira, in November, 1870, ordered a barrel of gin of the defendants, who are wholesale liquor merchants at Syracuse, and they sent it to him on a credit of two months, the price being $114.30. On the arrival of the gin at Elmira, the plaintiff examined it, and, claiming that it was deficient in quantity, shipped it back to the defendants by railroad, and informed them of such shipment. The defendants notified the plaintiff that they would not receive the gin back, and that it was at the Binghamton railroad depot subject to his order. They also notified their employees not to receive it. When the cask came back to Syracuse, one Holbrook, a cartman who carted goods for the defendants by the load, with his own cart and horse took it upon his cart, gave his receipt for it, and proceeded with it to the store of the defendants. The latter refused to receive it, and directed Holbrook to return it to the depot where he received it. This he did not do, and it has never since been found. On the 21st of January, 1868, after the term of credit had expired, the defendants brought an action against the plaintiff to recover the price of the gin, and recovered a judgment for $130, which the plaintiff paid, upon the assurance of the defendants that they had re-shipped the gin to him. This action was brought to recover back from the defendants the sum so paid, the complaint alleging that at the time of said payment the defendants had not re-shipped the barrel of gin to the plaintiff, and on request had neglected and refused to deliver the same. The jury found a verdict in favor of the plaintiff for $148.72.

*Hunt & Green*, for appellants.

*Ruger & Jenney*, for respondent.

GILBERT, J. When this case was before the court on the former occasion, a new trial was granted on the ground that the gin having been delivered to an agent of the defendants who was authorized to take it for the purpose of transporting it to their store, it was incum-

bent on them to show that the loss of it occurred without fault on their part, notwithstanding they rightfully refused to receive it.

On the last trial the evidence was uncontradicted, that upon the arrival of the gin at the store of the defendants, they refused to receive it, and sent it back to the railroad depot by the same cartman who took it from that place. The cartman testified that he delivered it at the depot immediately. Other witnesses, employees of the railroad company, gave evidence tending to prove that in point of fact the cartman did not carry the gin back to the depot; and the jury must have so found, for otherwise their verdict must have been for the defendants. Are the defendants liable? If they are, it will be for a loss occasioned by the plaintiff's own act, which he had no right to do, and without fault on their part. The facts are that the plaintiff purchased the gin in question of the defendants, and it was delivered to him. The plaintiff, however, asserted a right to return the gin because it was deficient in quantity, which claim he afterward abandoned by allowing judgment by default in an action brought against him for the price, and paying the same. Meantime, he had sent the gin back to the defendants by railroad. It was delivered by the railroad company to a cartman whom the defendants usually employed, and by him brought to their store. The defendants, without allowing it to be removed from the cart, sent it back by the same cartman to the railroad depot from whence he took it.

It was held on the former occasion that the railroad company had a right to treat the cartman as the agent of the defendants, and authorized to receive the gin for the purpose of transporting it to their store. No doubt that was correct. Nor is it necessary to dispute the general doctrine that a principal is liable to third persons for the frauds, malfeasances and torts, or misfeasances and omissions of duty of his agent in the course of his employment. The difficulty is that the cartman was not the agent of the defendants *quoad* the transaction in question. He was not employed by them to receive the gin, and the implied authority arising from his acts and conduct on previous occasions, which the defendants had sanctioned, extended no further than to protect the railroad company against liability for delivering the gin to him. The plaintiff had no right to cause that delivery to be made. By doing so in the absence of right, and without authority from the defendants, all the agencies which he employed for that purpose must be treated as his own, for

otherwise he would be permitted to take advantage of his own wrong. And, surely, his having no right to return the gin to the defendants, was equivalent to express notice that no person was authorized to receive it on their behalf. The defendants owed him no duty, certainly not beyond that of sending the gin back by the same person, who had come into possession of it solely by his own acts, and without any authority from them. For these reasons we think the defendants are not liable.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

*New trial granted.*